# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NA <br> as trustee for the registered holders <br> of ACE Securities Corp. Home Equity <br> Loan Trust, Series 2005-HE2, Asset <br> Backed Pass-Through Certificates <br><br> Plaintiff, <br><br> v. <br><br> TERRY M. JONES, JR., <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> as Nominee for Fremont <br> Investment & Loan, <br> UNITED STATES OF AMERICA, <br> INTERNAL REVENUE SERVICES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 11-cv-1081 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff HSBC Bank USA, NA's ("HSBC") unopposed motion for summary judgment [14] and motion to appoint special commissioner [16]. For the reasons set forth below, the Court grants both motions.

**I.     Background**

None of the Defendants responded to HSBC's statement of undisputed facts. Accordingly, all facts set forth in HSBC's statement of undisputed facts are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

On December 28, 2004, Fremont Investment & Loan ("Fremont") lent Terry M. Jones $200,000 subject to a note executed in favor of Fremont. Under the terms of the note, Jones agreed to pay 6.65 percent in interest at a yearly rate; to pay taxes, insurance, and any other escrow items that might apply; and to make monthly payments on the first day of every month in the amount of $1,283.93. According to the note, the monthly payment amount was subject to change.

That same day, Fremont secured its interest in the note by entering into a mortgage with Jones, which Fremont recorded with the Cook County Recorder on January 13, 2005. The mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for the lender, Fremont. The mortgage stated that it secured to Fremont: "(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." Compl., Ex. A.

MERS later assigned the rights associated with the mortgage and the note to HSBC. According to the terms of the assignment, HSBC acquired all of Fremont's interests in Jones's property pursuant to the mortgage. The assignment was recorded on April 29, 2010.

On January 1, 2010, Jones defaulted on his mortgage obligations and has not made a payment since that time. HSBC then sued Jones, seeking a judgment of foreclosure and additional damages and remedies. HSBC also named the United States of America, Internal Revenue Service ("IRS") and MERS as Defendants. HSBC asks the Court to find that the mortgage it now holds is the first lien on the property, superior to all other liens listed in the complaint.

Although HSBC served all of the Defendants, only the IRS has answered the complaint or entered an appearance in this case. HSBC has now moved for summary judgment against all Defendants and for the appointment of a special commissioner to conduct a public foreclosure sale of the property. None of the Defendants responded to HSBC's motions.

## II. Standard of Review

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252.

**III. Analysis**

In its motion for summary judgment, HSBC asks the Court for (1) a judgment of foreclosure; (2) an award of $231,079.77, plus interest at the rate of $48.64 per day after March 14, 2011; (3) an award of attorneys' fees and costs in the amount of $1,714.00; and (4) a finding that the mortgage is the first lien on the property, superior to all other liens listed in the complaint.

**A.   Terry M. Jones**

The Court first addresses HSBC's claims against Jones. The Illinois mortgage foreclosure law states that when a party does not submit a verified answer denying the facts in the complaint, then "a sworn verification of the complaint or a separate affidavit setting forth such fact is sufficient evidence thereof against such party and no further evidence of such fact shall be required." 735 ILCS 5/15-1506(a)(1). In such a circumstance, the Court may enter a judgment of foreclosure "upon motion supported by an affidavit stating the amount which is due the mortgagee * * * where all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit." 735 ILCS 5/15-1506(a)(2).

Here, HSBC has supported the allegations in its complaint with an affidavit of Chris Heinichen, a Contract Management Coordinator of Ocwen Loan Servicing, LLC, the company now responsible for servicing Jones's loan. Heinichen attests that HSBC

owns Jones's note and mortgage, and that, as of March 14, 2011, the total indebtedness due and in default was $231,079.77, plus reasonable attorneys' fees and costs. Jones has not denied the amount owed, answered HSBC's complaint, or responded to HSBC's motion for summary judgment. The Court concludes that HSBC has met the standard for summary judgment against Jones and will enter a judgment of foreclosure. See *Harris N.A. v. United States*, No. 10 C 2352, 2011 WL 833620, at *2 (N.D. Ill. Mar. 4, 2011) (entering judgment of foreclosure). The Court enters judgment in HSBC's favor in the amount of $231,079.77, plus interest of $48.64 per day after March 14, 2011.

HSBC also seeks a judgment of attorneys' fees and costs against Jones and supports its request with an affidavit from James N. Pappas, one of HSBC's attorneys. The Court has reviewed the affidavit of attorneys' fees and costs and finds that the mortgage and note provide for such fees and costs, and that the amount requested by HSBC is reasonable. Accordingly, the Court enters an award of attorneys' fees and costs in the amount of $1,714.00.

### B. MERS and the IRS

HSBC also seeks a finding from this Court that the mortgage on the property at issue here is the first lien and is superior to all other liens listed in the complaint. Specifically, HSBC asks for a finding that its lien is superior to: (1) MERS's junior mortgage, and (2) the IRS's tax lien.

### i. MERS

According to the complaint, on the same day that Jones entered into the note and mortgage at issue here, he also borrowed an additional $50,000 subject to another note executed in favor of Fremont. HSBC alleges that Fremont secured its interest in this note

5

by entering into a junior mortgage on the property. MERS was the mortgagee on this mortgage as well. HSBC asserts that this mortgage was also recorded with the Cook County Recorder on January 13, 2005, presumably after HSBC's mortgage was recorded.

Under Illinois law, priority among conflicting security interests is generally determined according to the priority in time of filing or perfection. See 810 ILCS 5/9-322. HSBC alleges in its complaint that MERS holds a junior mortgage, meaning that MERS's mortgage was recorded after – and is thus inferior to – HSBC's mortgage on the property. Because MERS did not answer the allegations in the complaint, or respond to HSBC's motion for summary judgment seeking an order that HSBC's lien has priority over the liens listed in the complaint, the Court deems HSBC's allegations admitted. Accordingly, the Court finds that the mortgage HSBC holds has priority over MERS's junior mortgage.

### ii. The IRS

HSBC also asks the Court for a finding that its mortgage has priority over the tax lien the IRS placed on the property on September 13, 2007. The IRS admitted in its answer that it has a lien on Jones's property to secure a tax assessment balance that had reached $11,762.83 as of April 22, 2011.

The priority of the IRS's lien is a question of federal law, and the Internal Revenue Code, 26 U.S.C. §§ 6321-6323, governs the validity and priority of the lien. See, *e.g*, *In re Bruder*, 207 B.R. 151, 156 (N.D. Ill. 1997) (citing *Dragstrem v. Obermeyer*, 549 F.2d 20, 22-23 (7th Cir. 1977)); *Boys v. West Suburban Bank of Carol Stream/Stratford Square*, No. 90 C 5980, 1992 WL 86186, at *3 ("The rights of private creditors with respect to federal tax liens are determined under 26 U.S.C. §§ 6321-

6326."). Absent provisions to the contrary, priority of federal tax liens is governed by the common-law principle that "the first in time is the first in right." *United States v. McDermott*, 507 U.S. 447, 449 (1993).

Here, the mortgage HSBC holds was recorded on January 13, 2005 – well before the date on which the IRS placed any liens on the property. See 26 U.S.C. § 6323(a) (providing that a perfected security interest takes priority over an IRS tax lien); *Boys*, 1992 WL 86186, at *3 (stating that "a holder of a valid security interest will prevail over a federal tax lien imposed by § 6321 if the security interest attaches before the Government files appropriate notice, i.e. before a notice of tax lien has been filed"). Accordingly, HSBC's mortgage has priority and is superior to the IRS's tax liens.

## IV. Conclusion

For the reasons set forth above, the Court grants HSBC's motion for summary judgment against all Defendants [14]. The Court also grants HSBC's motion to appoint The Judicial Sales Corporation as special commissioner to conduct a public foreclosure sale of the property [16]. HSBC shall submit within 14 days to the Court's proposed order inbox, Proposed_Order_Dow@ilnd.uscourts.gov, a proposed foreclosure judgment order reflecting a judgment of foreclosure in favor of HSBC; an award of $231,079.77, plus interest of $48.64 per day after March 14, 2011; attorneys' fees and costs in the amount of $1,714.00; and a finding that HSBC's mortgage has priority over the other liens listed in the complaint.

Dated: December 22, 2011

_____
Robert M. Dow, Jr.
United States District Judge